## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRLEY E. WILLIAMS-JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-CV-00884 |
| MARY E. PETERS, Secretary, ) | (RMU) |
| U.S. Department of Transportation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Fed.R.Civ.P), Mary E.

Peters, Secretary of the United States Department of Transportation (Defendant), in her official

capacity and through counsel, respectfully submits this motion to dismiss this case for lack of

subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies.  The

grounds for this motion are set forth in the accompanying Memorandum of Points and

Authorities in Support of Motion to Dismiss.

September 2, 2008.                    Respectfully submitted,


            /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


            /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


            /s/
CHRISTIAN A. NATIELLO, D.C. BAR #473960
Assistant United States Attorney
555 Fourth St., N.W.
Room E4112

Washington, D.C. 20530
(202) 307-0338

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHIRLEY E. WILLIAMS-JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-CV-00884 |
| MARY E. PETERS, Secretary, | ) | (RMU) |
| U.S. Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Fed.R.Civ.P), Mary E. Peters, Secretary of the United States Department of Transportation (Defendant), in her official capacity and through counsel, respectfully submits this motion to dismiss.  Plaintiff cannot show that this Court has subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies.

## I.   BACKGROUND

Shirley E. Williams-Jones ("Plaintiff") was a Management and Program Analyst, Diversity and Model Work Environment Advocate, for the Associate Administrator for Air Traffic Services, Federal Aviation Administration, U.S. Department of Transportation ("Defendant").  Complaint, p. 6.

On May 23, 2008, Plaintiff filed her complaint in Federal Court.  Although Plaintiff's complaint is vague, Plaintiff seems to be alleging discrimination based on race, sex, and age when she was converted to pay band J while other employees were placed in pay band K. Plaintiff names various employees throughout her Complaint that she compares herself with who were converted to a K-band while she was not.  Plaintiff's allegations in her complaint were untimely counseled.  Thus, Defendant is entitled to dismissal of this Complaint.

#### A.    Procedural history

On November 17, 2003, Plaintiff sought Equal Employment Opportunity ("EEO") counseling during which she raised the claim that she was converted from the grade 15 to the J pay band, while another employee who had virtually the same position description as hers, was converted from the grade 15 to the K pay band, one pay band higher than hers.  Complaint, p. 7. Because both of their positions were at the grade 15 at the time of conversion to the Core Compensation system, she claimed that both positions should have been converted to the K pay band.  Id.  Plaintiff further claims that as the National Program Manager for Diversity and Model Work Environment for Air Traffic Services, her position should be at a higher pay level than the K pay band based on her position duties.  Complaint, p. 10.

On November 17, 2003, Plaintiff also filed a formal complaint of discrimination with Defendant.  See Complaint of Discrimination Sheet, attached as Exhibit 1.  In her administrative complaint, Plaintiff claimed that in late 2003, she found out that upon conversion into the new pay system, she was not converted to the same pay band as were others that, she claims, were similarly situated.  As a remedy, Plaintiff stated that she wanted a retroactive upgrade from a J pay band to a K band with a 15% increase for each year in series 2186, and placement in an expert level position in the L pay band effective November 2003.  Id.

In response to Plaintiff's administrative complaint, the following allegations were accepted for investigation on January 21, 2004:

> Were you subjected to disparate treatment based on your race (African-American), sex (female), and age (DOB:5/22/1946) when you became aware on December 19, 2003, that you were converted to Pay Band J while another employee was placed in Pay Band K?

Acceptance of Investigation letter, attached as Exhibit 2.[1]  This is the only administrative

complaint Plaintiff has filed against Defendant.  It makes no mention of Plaintiff's being

reassigned because Plaintiff did not submit that claim to the EEOC.  Further, Plaintiff was

advised that any request to correct the accepted claim must be submitted to the office in writing

within five calendar days of her receipt of the letter.  Id.  If she did not respond within the five

day period, she was informed by the letter itself, it would be assumed that the claim therein was

correctly stated.  Id.  Plaintiff made no such change to the accepted claim.

    After an investigation of her complaint was completed, Plaintiff requested a hearing

before an EEOC Administrative Judge.  On November 18, 2007, the EEOC dismissed Plaintiff's

administrative complaint, finding that there was no reasonable explanation why Plaintiff waited

more than three years to challenge the conversion of her pay grade.[2]  See Decision on Request for

Reconsideration, attached as Exhibit 3.  Plaintiff now appeals in Federal Court.

    Plaintiff's Complaint includes five counts.  The first count alleges that the "conversion of

plaintiff['s pay band] was done inconsistently."  Complaint at 12.  The second count, while much

less clear, seems to allege the same as the first count in that it alleges a "misclassification of

positions by Human Resources" that "is the reason [Plaintiff's] salary did not change."

Complaint, p. 14.  The third count alleges that Plaintiff was discriminated against based on her

---

1    Defendant acknowledges that while the use of materials that are extrinsic to the complaint generally give
rise to a motion for summary judgment, Defendant nonetheless styles this motion as a motion to dismiss.  Defendant
is in-line with this Court's position that it would be too early for the Court to rule on a motion for summary judgment
given that no discovery has been taken in this case.  See Lewis v. District of Columbia et al., 535 F. Supp. 2d 1, 2-3
n. 2 (D.D.C. 2008) citing Americable Int'l Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (holding that
"summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery'")
(citation omitted).  Moreover, "to determine whether it has jurisdiction over the claim, the court may consider
materials outside the pleadings."  Lewis, 535 F. Supp. 2d at 5.
2    Plaintiff then filed a motion for reconsideration.  That motion was decided, thus rendering a final EEOC
opinion, on February 14, 2008.

age, also related to Plaintiff's salary conversion.[3]  The fourth count, again, seems to be a restatement of the first count in that it alleges that the "conversion of the plaintiff was done inconsistently."  Complaint, p. 15.  Plaintiff's final count seems to allege that she was improperly demoted: "plaintiff's reassignment was a demotion; resulting from race and reprisal bias on the part of a newly named Director."  Complaint, p. 16.

## II.    STANDARD OF REVIEW

Defendant moves for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over Plaintiff's claims.[4]  "When Congress requires the exhaustion of administrative remedies as an antecedent to judicial review, it is 'rooted, not in prudential principles, but in Congress' power to control the jurisdiction of federal courts.'"  Lewis, 535 F. Supp. 2d at 4 citing Avocados Plus Inc. v. Veneman, 361 U.S. App. D.C. 519 (D.C. Cir. 2004).  "The plaintiff bears the burden of establishing that the court has subject-matter jurisdiction."  Lujuan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Moreover, "[t]he court may dismiss a complaint for lack of subject-matter

---

3    Plaintiff brings this claim under Title VII.  Title VII does not list age as a protected class.

4    There exists some uncertainty within this District regarding whether a failure to properly exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a 12(b)(6) motion.  Compare Mills v. Billington, Civ. A. No 04-2205 (HHK), 2006 WL 1371683, at *2 (D.D.C. May 16, 2006) ("It is well-settled that a plaintiff's failure to exhaust her administrative remedies will deprive a district court of subject matter jurisdiction[.]"); Williams v. Chertoff, Civ. A. No. 05-0211 (RCL), 2005 WL 3200794, at *1 (D.D.C. Nov. 1, 2005) (same); with Holmes v. PHI Serv. Co., 437 F. Supp. 2d. 110, 118-23 (D.D.C. 2006) (Walton, J.) (failure to timely exhaust is not a jurisdictional defect); Walker v. Paulson, Civ. A. No. 06-1115 (PLF), 2007 WL 1655879, at * 2 (D.D.C. June 7, 2007) (same); see also Rann v. Chao, 346 F.3d 192, 195 (D.C. Cir. 2003) (recognizing that prior D.C. Cir. decisions have reached conflicting answers as to whether a failure to exhaust is jurisdictional, but declining to decide the matter); Mianegaz v. Hyatt Corp., 319 F. Supp. 2d 13, 17 (D.D.C. 2004) (Urbina, J.) (same); Marcelus v. Corr. Corp. of Am. / Corr. Treatment Facility, 540 F. Supp. 2d 231, n.4 (D.D.C. Mar. 31, 2008) (Leon, J.) (noting that "courts in this district continue to grapple with the appropriate standard for failure to exhaust," noting inconsistencies among courts in the D.C. Circuit).  However, much like in Rann, the distinction for purposes of this Motion is academic as dismissal is appropriate under either Rule 12(b)(1) or Rule 12(b)(6).  See also Smith v. Jackson, 539 F. Supp. 2d 116, 128 (D.D.C. Mar. 10, 2008) (Kollar-Kotelly, J.) ("The Court agrees that it relates to Plaintiff's exhaustion of his administrative remedies and thus to the Court's jurisdiction to entertain Plaintiff's [Title VII] claims," analyzing exhaustion under Rule 12(b)(1)); but see Hayes v. Chao, 541 F. Supp. 2d 387, n.3 (D.D.C. Apr. 2, 2008) (Kollar-Kotelly, J.) ("Exhaustion is not a jurisdictional prerequisite to plaintiff's [Title VII] claims[.]").

4

jurisdiction only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Lewis</u>, 535 F. Supp. 2d at 5 <u>citing</u> <u>Empagram S.A. v. F. Hoffman-LaRoche, Ltd.</u>, 315 F.3d 338, 343 (D.C. Cir. 2003). "[T]he court is not limited to the allegations in the complaint." <u>Lewis</u>, 535 F. Supp. 2d at 5.

"In actions brought under Title VII, a court has authority over only those claims that are (1) contained in the plaintiff's administrative complaint or claims 'like or reasonably related to' those claims in the administrative complaint and (2) claims for which the plaintiff exhausted administrative remedies." <u>Id.</u> <u>citing</u> <u>Park v. Howard Univ.</u>, 71 F.3d 904, 907 (D.C. Cir. 1995). "It is the defendant's burden to prove by a preponderance of the evidence that the plaintiff failed to exhaust administrative remedies." <u>Brown v. Marsh</u>, 777 F.2d 8, 13 (D.C. Cir. 1985). "Dismissal results when a plaintiff fails to exhaust administrative remedies." <u>Rann v. Chao</u>, 346 F.3d 192, 194-195 (D.C. Cir. 2003). For the reasons stated below, dismissal of Plaintiff's complaint is appropriate in this case.

## III.    <u>ARGUMENT</u>

### A.    **Plaintiff Failed To Timely Contact An EEO Counselor And Thus Has Failed To Exhaust Her Administrative Remedies**

Pursuant to 29 C.F.R. § 1614.105(a)(1), an aggrieved employee must initiate contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action. Indeed, the EEOC's regulations clearly state that the 45-day time limit shall be extended when an employee "shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or

personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by Defendant or Commission." 29 C.F.R. § 1614.105(a)(2).

The record in this case is clear. On April 23, 2000—more than three years before filling her administrative complaint—Plaintiff was converted from the grade 15 to the J pay band of the FV pay system. See Notification of Personnel Action, attached as Exhibit 4. The Notification specifically states that "[t]his action converts you to the FV pay system." Moreover, the Notification states that Plaintiff's assigned pay band is displayed in block 18. Block 18 clearly states that Plaintiff was placed in the J band as of April of 2000. Because Plaintiff failed to seek counseling within the 45 day period, she failed to properly exhaust her administrative remedies. See Johnson v. Mukasey, 2008 U.S. Dist. LEXIS 22382, **17-18 (D.D.C.) (dismissing the plaintiff's Title VII claims for untimely exhaustion of administrative remedies because the plaintiff failed to comply with 29 C.F.R. § 1614.105(a)(1)); also see Pierce v. Mansfield, 530 F. Supp. 2d 146, 154 (D.D.C. 2008) (same).

Defendant acknowledges that the 45-day time limitation in this case is subject to equitable doctrines, such as waiver, estoppel, and tolling. 29 C.F.R. § 1614.604(c). But even equitable doctrines cannot overcome Plaintiff's three year lapse. Thus, equitable doctrines should not apply in this case. First, Plaintiff was given the Notification of Personnel Action in 2000; there is no excuse for her three year lapse between getting the Notification and filing her administrative complaint. Second, there is no evidence that the FAA's conduct in any way interfered with Plaintiff's ability to contact an EEO counselor. Third, there is also no record that the time limit was ever waived; it was not. Plaintiff offers no reason why her administrative

complaint was filed three years after the alleged discriminatory conduct.  Therefore, due to her untimely counseling contact, the complaint should be dismissed.

### B.     Plaintiff Has Failed To Exhaust Her Demotion Claim

In her fifth count, Plaintiff raises the allegation that she was demoted because of her race.[5]  Complaint, p. 16.  To the extent Plaintiff tries to bring this allegation as an independent claim in this case, she should be precluded from doing so.  The allegation of a demotion was not raised at the administrative level and was not accepted for investigation.  See Acceptance of Investigation letter.  Simply, Plaintiff has not exhausted her administrative remedies for this allegation.

### IV.     CONCLUSION

Given the above facts and arguments, it is evident that Plaintiff untimely sought EEO counseling, and therefore, Defendant is entitled to a dismissal of Plaintiff's claims based on her pay band conversion.  In addition, Plaintiff has failed to exhaust her administrative remedies with respect to her demotion claim.  Accordingly, the Complaint in this case should be dismissed.

---

5       Plaintiff may assert that she is also bringing a discrimination claim because she was not selected for a Director's position.  She makes mention of the position on page 8 of the Complaint but does not allege it as a count. In any event, she did not raise this issue at the administrative level and, as such, has failed to exhaust her administrative remedies for this allegation.  See Acceptance of Investigation letter, attached as Exhibit 2.

September 2, 2008.                          Respectfully submitted,


                                            _____/s/_____
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney



                                            _____/s/_____
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney



                                            _____/s/_____
                                            CHRISTIAN A. NATIELLO, D.C. BAR #473960
                                            Assistant United States Attorney
                                            555 Fourth St., N.W.
                                            Room E4112
                                            Washington, D.C. 20530
                                            (202) 307-0338


Of Counsel:
Raymond A. Martinez
Federal Aviation Administration
Office of the Chief Counsel
Personnel and Labor Law Staff, AGC-30
600 Independence Avenue, S.W.
Room 1034
Washington, D.C. 20591
(202) 385-8235

Exhibit 1

| DEPARTMENT OF TRANSPORTATION | COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT (Privacy Act Statement attached) | (FOR AGENCY USE) 2-04-2027 |
|---|---|---|

BECAUSE OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP, Reprisal or Sexual Orientation
*(Please Type or Print)*

**1. WHAT IS YOUR (COMPLAINANT'S) FULL NAME**

Shirley E Williams - Jones

**2. WHAT IS YOUR TELEPHONE NO.?** *(Including Area Code)*

301-890-3187

**YOUR STREET ADDRESS** (or RD Number of Post Office Box Number)

13112 Shinnecock Drive

**HOME PHONE**

301-890-3187

**YOUR CITY**          STATE          ZIP CODE

Silver Spring, Maryland 20904

**WORK PHONE**

202-267-3783

**3. WHICH FEDERAL OFFICE DO YOU BELIEVE DISCRIMINATED AGAINST YOU?** *(Prepare a separate complaint form for each office which you believe discriminated against you)*

Human Resources / Air Traffic Services

**4. ARE YOU NOW WORKING FOR THE FEDERAL GOVERNMENT?**

✓ YES (Answer A, B, and C)

____ NO (Continue with 5)

**a. NAME OF OFFICE WHICH YOU BELIEVE DISCRIMINATED AGAINST YOU**

FAA: Human Resources / Air Traffic Services

**a. NAME OF AGENCY WHERE YOU WORK**

Federal Aviation Administration

**b. STREET ADDRESS OF OFFICE**

800 Independence Ave., SW  Rm 1020-C

**c. CITY**          STATE          ZIP CODE

Washington, DC  20591

**c. CITY          STATE          ZIP CODE**

**WHAT IS THE TITLE AND GRADE OF YOUR JOB?**

Management + Program Analyst
National Program Manager For ATS

**5. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION TOOK PLACE**

| MONTH | DAY | YEAR |
|---|---|---|
| 11 | 17 | 03 |

**6. CHECK BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST**

✓ RACE, IF SO, STATE YOUR RACE  African American
____ COLOR, IF SO STATE YOUR COLOR
____ RELIGION, IF SO, STATE YOUR RELIGION
____ NATIONAL ORIGIN, IF SO, STATE YOUR NATIONAL ORIGIN
✓ SEX, IF SO, STATE YOUR SEX  Female
✓ AGE, IF SO, STATE YOUR AGE  57
____ HANDICAP, IF SO, STATE YOUR HANDICAP
____ REPRISAL
____ SEXUAL ORIENTATION



**Discrimination Complaint:  Shirley E Williams-Jones, ATS-9**
December 28, 2003

I found out on December 19, 2003 that I had been discrimination against.  The complaint goes back to October 1998 when FAA changed the classification and pay system to pay-bands.  I am alleging that the Associate Administrator for Human Resources and the Associate Administrator for Air Traffic Services:

    (a)  treat  me differently than others who are similarly situated because I am a member of a specific race.

    (b)  treat men and women differently in similar situations

    (c)  treat me adversely because of my age

**BACKGROUND:**

I work for Air Traffic Services, which represents ¾ of FAA (34,000) employees.  I report to the Associate Administrator for Air Traffic Service's and was hired to bring synergy and focus to Air Traffic Services, Airway Facilities, Office of Runway Safety, Air Traffic System Requirements Service, Office of System Capacity, Office of Independent Operational Test and Evaluation and Terminal Business Service relative to people issues. This organizational structure was approved by all of the management team in the Air Traffic Services (see pages 1 and 38).  However, when the positions were placed into the new pay band I was not even put into the same pay band as other 2152's that are on the same position description.  I am the National Program Manager for seven organizations and the 2152's are under one of the organizations.  I am not given credit for the team leader/ manager position that I hold. In a similar situation, a white female was changed to a 2186 and placed in an L band to compensate for the misclassification.

**ISSUE:**
The FAA misuses the pay and classification system.  In October 1998, FAA initiated a pay for performance system in Air Traffic Services.  Employees were moved into pay-bands.  It was at this time that the 2152's (Air Traffic Controllers) were placed into specialized pay bands which corresponds to the technical pay bands and higher pay.  The 2152's in FAA are predominantly white males and are treated differently (see page 39).  They work in all areas of the FAA keeping their classification series.

The classification and pay act requires that pay be determined by the work that is being accomplished.  If you were previously an Air Traffic Controller and in an administrative position that does not require expert knowledge of an Air Traffic Controller, you should be placed in the appropriate series. In FAA, it doesn't matter what an Air Traffic Controller does, they maintain their classification as a controller. In FAA controllers perform budget, staff assistant, labor relations, diversity, human resource and civil rights functions.  However, they are classified as 2152's. In most cases, the skill and experience required to do the job may not exist. It doesn't matter, they maintain their series and are placed in the administrative jobs they request.  In



addition, when the new pay system was enacted, some 2152's that were in administrative jobs in other series requested a return to 2152 and received that request. That meant that they were moved from a J band to a K band.

Some employee who are 343's and serving as team leaders and managers in administrative jobs received less pay than their subordinates. In other words, you may be in a 343 series as a manager with subordinates in 2152's. The FAA had not worked through these changes in the new pay system because the original classification was incorrect. When FAA changed into the pay bands, all 2152 were classified as technical positions, which placed the 2152's in higher pay bands than the person doing the same job, with the same skill requirement, or the person having a job requiring a higher complexity in level of work. The FAA recognized their mistake and compensated some of the managers (white females) who were not 2152's, which included placement of these managers into a L band. I have not been given the same consideration.

There are persons from an organizational level handling similar responsibilities that I handled from a service level, that are classified higher than I am classified.

**COMPENSATION:**
1. Retroactive upgrade (10/98) from a J pay band to a K with a 15% increase for each year in series 2186.
2. Placement in an expert level position in the L pay band effective 11/03



7.  EXPLAIN HOW YOU BELIEVE YOU WERE DISCRIMINATED AGAINST (TREATED DIFFERENTLY FROM OTHER EMPLOYEES OR APPLICANTS) BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP OR SEXUAL ORIENTATION. (For each allegation, please state to the best of your knowledge, information and belief, what incident occurred And *when* the incident occurred.)  (Continue on reverse of form or add additional sheets.)

8.  I HAVE DISCUSSED MY COMPLAINT WITH AN EQUAL
    EMPLOYMENT OPPORTUNITY COUNSELOR
    ____ YES ____ NO

a.  NAME OF COUNSELOR

9.  WHAT CORRECTIVE ACTION ARE YOU SEEKING?

1. Requesting a retroactive upgrade From a J pay band to a K pay
   band in job series 2186 with a retroactive pay date of 10/98.

2. Placed in an expert level in the L Band effective 11/03 in
   the ATD organization

10. DATE OF THIS COMPLAINT (Month, Day, Year)

    11-17-03

11. SIGN YOUR (COMPLAINANT'S) NAME HERE

    Shirley E Williams-Jones

Exhibit 2



**U.S. Department of
Transportation**

Office of the Secretary
of Transportation

**Departmental Office of
Civil Rights**

Washington Regional Office
400 Seventh Street., S.W.
Washington, D.C.  20590

<u>**CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

Ms. Shirley E. Williams-Jones
13112 Shinnecock Drive
Silver Spring, MD  20904

Ref:  DOT Complaint No. 2-04-2027

Dear Ms. Williams-Jones:

This is in further reference to your complaint filed on December 29, 2003, against the
Department of Transportation, Federal Aviation Administration (FAA).  Complaints
filed against the Department of Transportation are processed in accordance with the
Equal Employment Opportunity (EEO) Commission regulation, 29 C.F.R. § 1614, <u>et.</u>
<u>seq.</u>  Based on a thorough review of your complaint, the EEO counselor's report, and
related documents, the following claim has been accepted for investigation:

> Were you subjected to disparate treatment based on your **race** (African
> American), **sex** (female), and **age** (57, DOB: 9/22/46) when you became
> aware on December 19, 2003 that you were converted to Pay Band J while
> another employee was placed in Pay Band K?

Any request for correction to the claim as stated, must be submitted to this office in
writing <u>within five calendar days</u> of your receipt of this letter.  If you do not respond
within the five day period, it will be assumed that the claim is correctly stated.

You will be contacted directly by Ms. Cynthia Darden, who has been assigned to
investigate your complaint.



If you have additional questions regarding the processing of your complaint, you may contact me at the address provided, by e-mail (tami.wright@ost.dot.gov), by telephone (202) 366-0440, or TTY (202) 366-0663.

Sincerely,

Tami L. Wright
Regional Director

Enclosures:     1) Mediation Request Form
                2) Mediation Pamphlet

cc:     ACR-1
        w/o enclosures

Exhibit 3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Shirley E. Williams-Jones,
Complainant,

v.

Mary E. Peters,
Secretary,
Department of Transportation,
(Federal Aviation Administration)
Agency.

Request No. 0520080227

Appeal No. 0120061748
Agency No. 2042027
Hearing No. 100-2004-00893X

## DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested reconsideration of the decision in *Shirley E. Williams-Jones v. Department of Transportation*, EEOC Appeal No. 0120061748 (December 14, 2007). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

Our previous decision affirmed the agency's determination that complainant contacted an EEO counselor beyond the 45-day period allowed by the Commission's regulations and that her complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(2). Although the decision recited the facts of her claim, it did so only in context of explaining why her EEO contact and subsequent complaint were untimely. In her request, with regard to the dismissal of her complaint, she asserted that she was unaware of the effect of the change from pay grades to pay bands until late 2003, notwithstanding the implementation in April 2000, with

2                                                                    0520080227

extensive and detailed information. Here, complainant repeated what she stated on appeal, and it was addressed fully in that decision.[1]

In order to merit the reconsideration of a prior decision, the requesting party must submit written argument that tends to establish that at least one of the criteria of 29 C.F.R. § 1614.405(b) is met. The Commission's scope of review on a request for reconsideration is narrow and is not merely a second appeal. *Lopez v. Department of the Air Force*, EEOC Request No. 05890749 (September 28, 1989); *Regensberg v. USPS*, EEOC Request No. 05900850 (September 7, 1990). The Commission finds that the complainant's request does not meet the regulatory criteria of 29 C.F.R. § 1614.405(b), in that, the request does not identify a clearly erroneous interpretation of material fact or law, nor does it show that the underlying decision will have a substantial impact on the policies, practices or operation of the agency.

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120061748 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your

---

[1] Upon a finding that the complaint was properly dismissed, we do not reach the merits of the complaint.

3                                              0520080227

time in which to file a civil action.  Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:


*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


___FEB 1 4 2008____
Date

4                                                    0520080227

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.**  I certify that this decision was mailed to the following recipients on the date below:

Shirley E. Williams-Jones
13112 Shinnecock Dr
Silver Spring, MD  20904

Mary Jones, Deputy Director, Civil Rights
Department of Transportation
400 7th St., SW  #10215
Washington, DC  20590


___FEB 1 4 2008___
Date


_____
Equal Opportunity Assistant

Exhibit 4

rd Form 50-B
7/91
ffice of Personnel Management
app. 296-33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| | | | |
|---|---|---|---|
| ne (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 3. Effective Date |
| WILLIAMS-JONES, SHIRLEY E          47392 | | 09-22-46 | 04-23-00 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| Code 5-B Nature of Action | | 6-A. Code 6-B. Nature of Action | |
| 721    REASSIGNMENT | | | |
| Code 5-D. Legal Authority | | 6-C. Code 6-D. Legal Authority | |
| 2VB    P.L. 104-50 | | | |
| Code 5-F. Legal Authority | | 6-E. Code 6-F. Legal Authority | |

| FROM: Position Title and Number | 18. TO: Position Title and Number |
|---|---|
| MANAGEMENT AND PROGRAM ANALYST | MANAGEMENT AND PROGRAM ANALYST |
| PD NO=12-X857      BU NO=WATS0003 | PD NO=WA-X857      BU NO=WATS0003 |
| ORG=TS001          CST CNTR=9Z10 | ORG=TS001          CST CNTR=9Z10 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FG | 0343 | 15 | 04 | $93,101 | PA | FV | 0343 | J | 00 | $95,326 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $85,375 | $7,726 | $93,101 | $0 | $87,415 | $7,911 | $95,326 | $0 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| ASSOC ADMIN FOR AIR TRAFFIC SERVICES | ASSOC ADMIN FOR AIR TRAFFIC SERVICES |
| WASHINGTON, DC 20591 | WASHINGTON, DC 20591 |

### EMPLOYEE DATA

| 23. Veteran's Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|
| 1 - None    3 - 10-Point/Disability    5 - 10-Point/Other | | 0 - None    2 - Conditional | | YES   X   NO |
| 2 - 5-Point  4 - 10-Point/Compensable  6 - 10-Point/Compensable/30% | | 1 - Permanent  3 - Indefinite | | |

| 27. FEGLI | | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|---|
| R1 | BASIC+OPT B(3X)+OPT A+OPT C(1X) | 9    NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| 1 | CSRS | 08-13-79 | F |

### POSITION DATA

| 34. Position Occupied | | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|---|
| 2 | 1 - Competitive Service  3 - SES General | E | L - Exempt<br>N - Nonexempt | SEE REMARKS BELOW | 8888 |
| | 2 - Excepted Service  4 - SES Career Reserved | | | |

| 38. Duty Station Code | 39. Duty Station (City-County- State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON, DISTRICT OF COLUMBIA |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| CP PROG=00 | SUPV CSC=8 | POS TYPE=1 | | POSITION SENSITIVITY = 5 |

### Remarks

APPROP = 001 .0  /000/15X  /9Z10  /1111
SALARY IN BLOCK 12C INCLUDES A LOCALITY-BASED PAYMENT OF 9.05%. THIS ACTION
CONVERTS YOU TO THE FV PAY SYSTEM.  THE BAND YOU ARE ASSIGNED TO IS DISPLAYED
IN BLOCK 18. PAY RATE IN BLOCK 20A REFLECTS AN INCREASE IN YOUR RATE OF BASIC
PAY TO COMPENSATE FOR FUTURE WITHIN-GRADE INCREASES. WITHIN-GRADE BUYOUT BASED
ON LAST EQUIVALENT INCREASE DATE OF 09/27/1998 AND WITHIN-GRADE INCREASE DUE
DATE OF 09/24/2000. SALARY IN BLOCK 20A IS BASED ON PAY BAND J, PROFESSIONAL
JOB CATEGORY, LEVEL 5. SALARY IN BLOCK 20C INCLUDES A LOCALITY-BASED PAYMENT
OF 9.05%. .

| 45. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF TRANSPORTATION/FAA | |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | APPROVING OFFICIAL |
|---|---|---|---|
| TD-03 | 1675 | 04-23-00 | |

TURN OVER FOR IMPORTANT INFORMATION

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7640-01-333-6238