# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SHIRELY WILLIAMS-JONES, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0884 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 7 |
| | : | | |
| RAY LAHOOD, in his official | : | | |
| capacity as Secretary of Transportation,[1] | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### Denying the Defendant's Motion to Dismiss

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction. The *pro se* plaintiff filed suit against the defendant, alleging that the Federal Aviation Administration ("FAA") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000 *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, and the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d). The defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, asserting that the plaintiff failed to exhaust her administrative remedies by contacting an EEO counselor more than forty-five days after the allegedly discriminatory act. Concluding that a failure to exhaust administrative remedies by initiating untimely contact with an EEO counselor is not a jurisdictional defect, the court construes the defendant's motion as one brought under Rule 12(b)(6) rather than Rule 12(b)(1). And because it is not clear from the face

---

[1] The court has substituted Secretary of Transportation Ray LaHood for the original named defendant, former Secretary of Transportation Mary Peters, pursuant to Federal Rule of Civil Procedure 25(d).

of the complaint that the plaintiff's claim is time-barred, the court denies the defendant's motion to dismiss pursuant to Rule 12(b)(6).

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff is an African-American female over the age of 40 who is currently employed by the FAA as a Program Manager.  *See generally* Compl.  She alleges that the FAA discriminated against her on the basis of her race, sex and age and, after she filed an Equal Employment Opportunity ("EEO") complaint, retaliated against her by demoting her.  *Id.* ¶¶ 1-20.  The plaintiff also contends that the FAA violated the EPA by paying white females in the office more for performing similar work.  *Id.* ¶¶ 13-14.

In the spring of 2000, the FAA began a transition from its general schedule pay system to a pay-for-performance pay system known as the "core compensation" system.  *Id.* at 3.  Between March 26, 2000 and August 26, 2000, the plaintiff was converted from her GS-15 pay grade to pay band J under the new system.  *Id.* at 11.  Three similarly situated white co-workers were converted from pay grade GS-15 to pay band K and then, during the same time period, to pay band L.  *Id.*  A fourth white co-worker was converted from an unknown pay level to GS-15 then, less than a month later, to pay band K.  *Id.*  The plaintiff asserts that these changes in pay bands were not accompanied by a change in location or position; rather, management simply changed her coworkers' pay bands to give them an unfair salary advantage.  *Id.* ¶ 3.

In 2003, the FAA announced that an activity analysis would be performed in order to correct some inconsistencies in its pay structure.  *Id.* at 5.  The plaintiff alleges that she was assured that the review would be fair and that pay bands for employees performing similar jobs

would be uniform. *Id.* at 3; Pl.'s Opp'n at 4. On November 17, 2003, the plaintiff became concerned by rumors that her white coworkers had been promoted to several pay bands above her. Pl.'s Opp'n at 5. The same day, the plaintiff contacted the personnel office about her concerns. *Id.* She was told that the core compensation policy was being adhered to and that the office could not reveal the pay bands of other employees. *Id.* As a result, the plaintiff contacted the FAA's Office of Civil Rights, requested an EEO counselor and filed an EEO complaint in December 2003. *Id.* at 6.

Upon learning of the EEO complaint, the plaintiff's supervisor, Kathy Randall, told the plaintiff that if she withdrew her complaint, "management officials might do something for her." *Id.* at 7. The plaintiff did not withdraw her complaint; on April 14, 2004, the Director of Acquisition services, Dennis DeGatano, then reassigned the plaintiff to a position in which she was supervised by a former peer and had diminished responsibilities and duties. *Id.* Later, in November 2004, the plaintiff was passed over for a promotion in favor of a white coworker. *Id.* at 8-9; Compl. at 15. The plaintiff alleges that these incidents constitute reprisal and retaliation for filing the EEO complaint in December 2003. *Id.*

An administrative judge ultimately dismissed the plaintiff's EEO complaint as untimely and denied her motion for reconsideration. *See* Pl.'s Opp'n, Ex. 3. The plaintiff filed suit in this court on May 23, 2008, and the defendant now moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### III.  ANALYSIS

#### A.  The Court Construes the Defendant's Motion Under Rule 12(b)(6)

The defendant argues that this court lacks subject matter jurisdiction over the plaintiff's claim because the plaintiff failed to timely exhaust her administrative remedies.  Def.'s Mot. at 1.  The threshold question before the court, therefore, is whether the failure of a plaintiff to make timely contact with an EEO counselor constitutes a jurisdictional defect barring the court's jurisdiction over the claim.  The regulation at issue requires that a federal employee claiming discrimination by an administrative agency "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).  But the regulation also requires that the forty-five day contact requirement be equitably tolled when the individual shows "that he or she did not know and reasonably should not have . . . known that the discriminatory matter or personnel action occurred."  *Id.* § 1614.105(a)(2).

The Supreme Court has stated "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (reaffirming that the "time period for filing a charge is subject to equitable doctrines such as tolling or estoppel").  The Circuit has explicitly recognized that, in the context of Title VII, "the administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit."  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *see also Stewart v. Ashcroft*, 352 F.3d 422, 425-26 (D.C. Cir. 2003) (remarking that "this Court has noted that the

exhaustion of remedies is not jurisdictional, but more akin to a statute of limitations"). Additionally, with respect to ADEA claims, this Circuit has noted that "the timeliness and exhaustion requirements of [the ADEA] are subject to equitable defenses and are in that sense non-jurisdictional." *Rann v. Chao*, 346 F.3d 192, 194-95 (D.C. Cir. 2003).

More recently, a court in this district has observed that "[c]ourts traditionally addressed failures to exhaust as questions of subject matter jurisdiction, but recent Supreme Court and D.C. Circuit decisions have suggested a different approach." *Marcelus v. Corr. Corp. of Am./ Corr. Treatment Facility*, 540 F. Supp. 2d 231, 234 n.4 (D.D.C. 2008). Buttressing the principle that failure to timely exhaust administrative remedies is not jurisdictional, this Circuit has also pointed out that "[b]ecause untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it." *Bowden*, 106 F.3d at 437; *see also McCants v. Glickman*, 180 F. Supp. 2d 35 (D.D.C. 2001). The Circuit's characterization of untimely exhaustion as an affirmative defense further persuades the court not to interpret it as a jurisdictional defect. Therefore, the court construes the defendant's motion under Rule 12(b)(6) rather than 12(b)(1).[2]

### B. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v.*

---

[2] The defendant construes the distinction between a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a Rule 12(b)(6) motion to dismiss for failure to state a claim as "academic" in this case. Def.'s Mot. at 4 n.4. The defendant, however, is incorrect. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003) (holding that because subject matter jurisdiction focuses on the court's power to hear the claim, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim). Thus, the defendant has chosen not to move – either primarily or in the alternative – to dismiss the case for failure to state a claim. *See generally* Def.'s Mot. Nonetheless, the most expeditious course of action is to treat the motion as one brought under Rule 12(b)(6).

*Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues."  *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims").  While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 557.  In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir.

2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

### C. The Court Denies the Defendant's Motion to Dismiss

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because statute of limitations issues often depend on contested questions of fact, however, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.*; *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985). If "no reasonable person could disagree on the date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).

The defendant contends that the plaintiff's complaint should be dismissed because, despite the fact that she was required to contact an EEO counselor within forty-five days of the allegedly discriminatory act pursuant to 29 C.F.R. § 1614.105(a)(1), Def.'s Mot. at 5, over three years passed between the plaintiff's conversion to pay band J in April 2000 and her initial contact

with an EEO counselor in November 2003, *id.* at 6.

The plaintiff opposes the defendant's motion, asserting she timely exhausted her administrative remedies. Pl.'s Opp'n at 18. Although her submissions are somewhat unclear, the court construes the plaintiff's opposition as making two arguments against dismissal. First, the plaintiff maintains that she was unaware of the alleged discriminatory pay differences until immediately before she filed her EEO complaint in late 2003. *Id.* at 19-21. Second, the plaintiff avers that she relied on the assurances from FAA management that the pay conversion had been conducted fairly and in accordance with FAA policy; thus, she was "lulled into inaction by letters from the Chief Operating Officer of the Air Transportation Organization." *Id.* at 21. The court construes these arguments as a request to equitably toll the EEOC's filing deadline.

The plaintiff will indeed be entitled to equitable tolling if she can produce evidence that she "did not know and reasonably should not have . . . known that the [allegedly discriminatory conduct had] occurred" until December 2003. 29 C.F.R. § 1614.105(a)(2). In other words, it is not clear from the face of the complaint that the plaintiff's claim is time-barred. Therefore, the court denies the defendant's motion to dismiss. *See Firestone*, 76 F.3d at 1209.

### IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 18th day of September, 2009.

RICARDO M. URBINA
United States District Judge